**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNION OIL COMPANY OF CALIFORNIA, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| BUFFALO MARINE SERVICE, INC.; TORM A/S; TORM USA LLC; TORM SINGAPORE PTE. LTD.; TORM INDIA PRIVATE LTD.; ESTRID SHIPPING CORPORATION; A/S D/S TORM; MR MANAGEMENT K/S; and the M/V TORM MARY, her engines, tackle, equipment, etc. (*in rem*), | § § § § § § § § § § | CIVIL ACTION NO. _____ |
| Defendants. | § | JURY TRIAL |

**PLAINTIFF'S FIRST ORIGINAL COMPLAINT**

TO THE HONORABLE DISTRICT JUDGE:

COMES NOW, Plaintiff Union Oil Company of California, and, for cause of action, files this First Original Complaint against Defendants Buffalo Marine Service, Inc., Torm A/S, Torm USA LLC, Torm Singapore Pte. Ltd., Torm India Private Ltd., Estrid Shipping Corporation, A/S D/S Torm, MR Management K/S, and the M/V Torm Mary, her engines, tackle, equipment, etc. (*in rem*)[1] and, in support thereof, would respectfully show the Court as follows:

**I.  PARTIES**

1.      Plaintiff Union Oil Company of California ("Plaintiff") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 6001 Bollinger Canyon Road, San Ramon, California, 94583.

---

[1]      All Defendants are collectively referred to herein as "Defendants."  All Defendants other than Buffalo Marine Service, Inc. are collectively referred to herein as the "Torm Defendants."

2.     Defendant Buffalo Marine Service, Inc. ("Buffalo") is a corporation or other business entity organized and existing under the laws of the State of Nevada with its principal place of business located at 8201 E. Erath Street, Houston, Texas, 77012.  It may be served with process through its President, Director, and Registered Agent for service of process in Texas: Patrick J. Studdert, 8201 E. Erath Street, Houston, Texas, 77012.

3.     Defendant Torm A/S ("Torm"), formerly A/S Dampskibsselskabet Torm, is a corporation or other business entity organized and existing under the laws of Denmark with its home office and/or principal place of business located at Tuborg Havnevej 18, DK-2900, Hellerup, Denmark.  It does not maintain a regular place of business within Texas and it does not have a designated or registered agent for service of process in Texas.  It may be served with process pursuant to TEX. CIV. PRAC. REM. CODE § 17.044 (the Texas Long-Arm Statute) by serving the summons and complaint on its statutory agent for service of process: The Secretary of State of the State of Texas, P.O. Box 12079, Austin, Texas, 78711-2079.  Alternatively, it may be served with process pursuant to FED. R. CIV. P. 4 and/or TEX. R. CIV. P. 108 by mailing the summons and complaint by registered or certified mail, return receipt requested, to its home office and/or principal place of business: TORM A/S, Tuborg Havnevej 18, DK-2900, Hellerup, Denmark.  Alternatively, it may be served with process pursuant to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters (to which the United States and Denmark are parties) by forwarding 2 copies of the summons and complaint to the Denmark Central Authority: Danish Ministry of Justice (Justitsministeriet), Slotsholmsgade 10, 1216 Copenhagen K, Denmark.

4.     Defendant Torm USA LLC ("Torm USA") is a corporation or other business entity organized and existing under the laws of the State of Delaware with its home office and/or

principal place of business located at One Station Place, Stamford, Connecticut, 06902.  It does not maintain a regular place of business within Texas and it does not have a designated or registered agent for service of process in Texas.  It may be served with process pursuant to TEX. CIV. PRAC. REM. CODE § 17.044 (the Texas Long-Arm Statute) by serving the summons and complaint on its statutory agent for service of process: The Secretary of State of the State of Texas, P.O. Box 12079, Austin, Texas, 78711-2079.  Alternatively, it may be served with process pursuant to FED. R. CIV. P. 4 and/or TEX. R. CIV. P. 108 by mailing the summons and complaint by registered or certified mail, return receipt requested, to its home office and/or principal place of business: Torm USA LLC, One Station Place, Stamford, Connecticut, 06902.

5.      Defendant Torm Singapore Pte. Ltd. ("Torm Singapore") is a corporation or other business entity organized and existing under the laws of Singapore with its home office and/or principal place of business located at 6 Battery Road #38-01B, Singapore (049909).  It does not maintain a regular place of business within Texas and it does not have a designated or registered agent for service of process in Texas.  It may be served with process pursuant to TEX. CIV. PRAC. REM. CODE § 17.044 (the Texas Long-Arm Statute) by serving the summons and complaint on its statutory agent for service of process: The Secretary of State of the State of Texas, P.O. Box 12079, Austin, Texas, 78711-2079.  Alternatively, it may be served with process pursuant to FED. R. CIV. P. 4 and/or TEX. R. CIV. P. 108 by mailing the summons and complaint by registered and/or certified mail, return receipt requested, to its home office and/or principal place of business: Torm Singapore Pte. Ltd., 6 Battery Road #38-01B, Singapore (049909).

6.      Defendant Torm India Private Ltd. ("Torm India") is a corporation or other business entity organized and existing under the laws of India with its home office and/or principal place of business located at 1st Floor, Leela Business Park, Andheri-Kurla Road,

Andheri (E), Mumbai (400 059), India.  It does not maintain a regular place of business within Texas and it does not have a designated or registered agent for service of process in Texas.  It may be served with process pursuant to TEX. CIV. PRAC. REM. CODE § 17.044 (the Texas Long-Arm Statute) by serving the summons and complaint on its statutory agent for service of process: The Secretary of State of the State of Texas, P.O. Box 12079, Austin, Texas, 78711-2079. Alternatively, it may be served with process pursuant to FED. R. CIV. P. 4 and/or TEX. R. CIV. P. 108 by mailing the summons and complaint by registered and/or certified mail, return receipt requested, to its home office and/or principal place of business: Torm India Private Ltd., 1st Floor, Leela Business Park, Andheri-Kurla Road, Andheri (E), Mumbai (400 059), India.

7.     Defendant Estrid Shipping Corporation ("Estrid") is a corporation or other business entity organized and existing under the laws of Liberia with its home office and/or principal place of business located in Liberia.  It does not maintain a regular place of business within Texas and it does not have a designated or registered agent for service of process in Texas.  It may be served with process pursuant to TEX. CIV. PRAC. REM. CODE § 17.044 (the Texas Long-Arm Statute) by serving the summons and complaint on its statutory agent for service of process: The Secretary of State of the State of Texas, P.O. Box 12079, Austin, Texas, 78711-2079.  Alternatively, it may be served with process pursuant to FED. R. CIV. P. 4 and/or TEX. R. CIV. P. 108 by mailing the summons and complaint by registered and/or certified mail, return receipt requested, to its home office and/or principal place of business.

8.     Defendant A/S D/S Torm ("D/S Torm") is a corporation or other business entity organized and existing under the laws of Denmark with its home office and/or principal place of business located in Denmark.  It does not maintain a regular place of business within Texas and it does not have a designated or registered agent for service of process in Texas.  It may be

served with process pursuant to TEX. CIV. PRAC. REM. CODE § 17.044 (the Texas Long-Arm Statute) by serving the summons and complaint on its statutory agent for service of process: The Secretary of State of the State of Texas, P.O. Box 12079, Austin, Texas, 78711-2079. Alternatively, it may be served with process pursuant to FED. R. CIV. P. 4 and/or TEX. R. CIV. P. 108 by mailing the summons and complaint by registered and/or certified mail, return receipt requested, to its home office and/or principal place of business.  Alternatively, it may be served with process pursuant to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters (to which the United States and Denmark are parties) by forwarding 2 copies of the summons and complaint to the Denmark Central Authority: Danish Ministry of Justice (Justitsministeriet), Slotsholmsgade 10, 1216 Copenhagen K, Denmark.

9.     Defendant MR Management K/S ("MR Management") is a corporation or other business entity organized and existing under the laws of Denmark with its home office and/or principal place of business located in Denmark.  It does not maintain a regular place of business within Texas and it does not have a designated or registered agent for service of process in Texas.  It may be served with process pursuant to TEX. CIV. PRAC. REM. CODE § 17.044 (the Texas Long-Arm Statute) by serving the summons and complaint on its statutory agent for service of process: The Secretary of State of the State of Texas, P.O. Box 12079, Austin, Texas, 78711-2079.  Alternatively, it may be served with process pursuant to FED. R. CIV. P. 4 and/or TEX. R. CIV. P. 108 by mailing the summons and complaint by registered and/or certified mail, return receipt requested, to its home office and/or principal place of business.  Alternatively, it may be served with process pursuant to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil or Commercial Matters (to which the United States and

Denmark are parties) by forwarding 2 copies of the summons and complaint to the Denmark

Central Authority: Danish Ministry of Justice (Justitsministeriet), Slotsholmsgade 10, 1216

Copenhagen K, Denmark.

10.     Defendant the M/V Torm Mary, *in rem*, a double-hull product tanker vessel (DIS

Flag; DNV Class; Call Sign OUHU2; IMO No. 9246798), her engines, boilers, machinery,

masts, boats, anchors, cables, chains, rigging, tackle, apparel, furniture, capstans, outfit, tools,

pumps, gear, equipment, furnishings, appliances, fittings and spare and replacement parts, and all

other appurtenances thereto (the "M/V Torm Mary"), is a vessel that is within this District or that

will be within this District while the action is pending.  Plaintiff is entitled to all writs and

process necessary to arrest the M/V Torm Mary for purposes of *in rem* jurisdiction.

## II.  PERSONAL JURISDICTION

11.     This Court has personal jurisdiction over Defendants pursuant to the Constitution

and laws of the United States and/or the Constitution and laws of the State of Texas (1) because

they have engaged in continuous and systematic activities within Texas and/or (2) because they

have purposely availed themselves at all relevant times of the benefits and protections of Texas

law by transacting and/or engaging in business within Texas and this lawsuit arises from

business that they transacted and/or engaged in within Texas.

## III.  SUBJECT MATTER JURISDICTION

12.     This Court has federal-question jurisdiction over this action pursuant to 28 U.S.C.

§ 1331 because Plaintiff seeks recovery of damages under the Federal Oil Pollution Act (28

U.S.C § 2701 *et seq.*).

13.     Alternatively, this Court has diversity jurisdiction over this action pursuant to 28

U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and each

Defendant and because Plaintiff seeks recovery of damages in an amount greater than $75,000.00 (excluding interest and costs).

14.    Alternatively, this Court has admiralty jurisdiction over this action pursuant to 28 U.S.C. § 1333 because Plaintiff alleges claims arising from general admiralty and/or maritime law within the meaning of FED. R. CIV. P. 9(h).

15.    Alternatively, this Court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367 (i.e., pendent and/or ancillary jurisdiction) because all Plaintiff's claims other than those under the Federal Oil Pollution Act are so related to its claims under such Act that they are part of the same suit or controversy and/or arise from the same common nucleus of operative facts.

## IV.  VENUE

16.    Venue for this action is proper in this District because it is where all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred and/or because all Defendants are subject to personal jurisdiction here.

## V.  FACTS

17.    Plaintiff owns and operates a full service independent marine terminal and storage facility known as the Unocal Beaumont Terminal (the "Terminal") which is located on the Neches River at Smith's Bluff near the city of Nederland, Texas.

18.    The Terminal handles an extensive range of commodities, including domestic and overseas crude oils, gasoline, distillate, naphtha, gasoline blend stocks, solvents, petrochemicals, and aviation gasoline.  The Terminal offers receipt and redelivery services for crude oil and other products via barge, ship, tank truck, tank rail car, and pipeline, and it can also store and/or blend crude oil or products.

19.     On or about August 2, 2004, the U.S. Coast Guard ordered a shut down of the Neches River (from Buoy 42 just north of the DuPont plant and the Naval Reserve Fleet to the Veteran's Bridge) because of an oil spill that occurred during the night (the "Incident").

20.     The Incident occurred when a product tanker, the M/V Torm Mary, which was anchored on the Neches River upstream from the Terminal, was struck by a barge, Buffalo Marine Barge 405, which was being pushed by a towboat, Buffalo Marine Towboat San Tomas.

21.     Buffalo was the owner and/or operator of the Buffalo Marine Barge 405 and the Buffalo Marine Towboat San Tomas.

22.     The Torm Defendants were the owners, operators, and/or demise charterers of the M/V Torm Mary at the time of the Incident (either directly or indirectly through a pool of vessels known as the "MR Pool" that includes the M/V Torm Mary).

23.     The collision caused the holding tank(s) of the M/V Torm Mary to rupture and resulted in a discharge of large quantities of oil from the M/V Torm Mary into the Neches River.

24.     The oil also reached and affected the Terminal's docks as well as various vessels that were at the Terminal's docks at the time of the Incident.

25.     As a result of the Incident, all marine vessel traffic, business, and service on the Neches River and at the Terminal's docks were shut down.

26.     This shut-down caused Plaintiff and/or the Terminal to sustain substantial operational disruptions, lost profits, property damage, and other costs and expenses incurred as a result of oil spill clean-up and response efforts.

27.     The total amount of damages that Plaintiff sustained as a result of the Incident and for which it seeks recovery in this case is at least $1,120,000.

## VI.  CAUSE(S) OF ACTION

**A.      Federal Oil Pollution Act**

28.      Defendants are liable to Plaintiff for removal costs and damages that resulted from the Incident.

29.      Each Torm Defendant is a "responsible party" because (at all relevant times) it owned, operated, and/or demise chartered the M/V Torm Mary (either directly or indirectly).

30.      Buffalo is a "responsible party" to the extent that the Incident and Plaintiff's damages were caused solely by its acts or omissions and each Torm Defendant (1) exercised due care with respect to the oil concerned, taking into consideration the characteristics of the oil and in light of all relevant facts and circumstances, and (ii) took precautions against foreseeable acts or omissions of Buffalo and the foreseeable consequences of those acts or omissions.

31.      The oil that was spilled in the Incident and caused Plaintiff's damages was discharged from the M/V Torm Mary into or upon the navigable waters of the United States and/or the adjoining shorelines of such navigable waters.

32.      As a result of the Incident, Plaintiff (a) incurred removal costs for acts taken by Plaintiff which were consistent with the National Contingency Plan, (2) sustained damages for injury to, or economic losses resulting from destruction of, real or personal property, that Plaintiff owned or leased, and/or (3) sustained damages in the form of loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources.

**B.      Negligence**

33.      Defendants owed legal duties to Plaintiff to use reasonable care in operating their vessels to avoid causing injury and damage to Plaintiff.

34.     Defendants breached these legal duties by failing to use reasonable care in operating their vessels and causing the discharge of oil from the M/V Torm Mary that was released in the Incident into the Neches River.

35.     Defendants' breaches of these legal duties were the direct, proximate, and/or producing cause of injury and damage to Plaintiff.

## VII.  DAMAGES

36.     As a result of Defendants' acts and omissions as alleged herein, Plaintiff suffered injury or harm and is entitled to recover damages, including, but not limited to, the following:

      (a)     economic damages;

      (b)     out-of-pocket expenses;

      (c)     removal and clean-up costs;

      (d)     lost time; and

      (e)     lost profits.

## VIII.  NOTICE & CONDITIONS PRECEDENT

37.     All notices and conditions precedent have been performed or have occurred.

## IX.  JURY DEMAND

38.     Plaintiff respectfully requests and demands a jury trial in this cause and has deposited the requisite jury fee with the district clerk.

## X.  CONCLUSION & PRAYER FOR RELIEF

39.     Plaintiff Union Oil Company of California respectfully prays that the Court enter judgment in its favor and against Buffalo Marine Service, Inc., Torm A/S, Torm USA LLC, Torm Singapore Pte. Ltd., Torm India Private Ltd., Estrid Shipping Corporation, A/S D/S Torm,

MR Management K/S, and the M/V Torm Mary, her engines, tackle, equipment, etc. (*in rem*) for the following:

    (a)    actual/compensatory damages in a sum determined by the trier of fact (including, but not limited to, economic damages, noneconomic damages, direct damages, consequential damages, general damages, and special damages);

    (b)    an order that a warrant *in rem* for the arrest of the M/V Torm Mary shall issue and that all persons claiming an interest therein be cited to appear and answer the matters stated herein **[Please hold issuance and delivery of process *in rem* in abeyance pending motion by Plaintiff requesting issuance and delivery of same]**;

    (c)    an order that the M/V Torm Mary shall be condemned and sold to pay the judgment in favor of Plaintiff;

    (d)    attorney fees and expenses;

    (e)    costs of court and suit;

    (f)    pre-judgment interest and post-judgment interest to the maximum extent allowed by law; and

    (g)    such other and further relief, in law and equity, to which Plaintiff may be justly entitled.

Respectfully submitted,


/s/ John W. Bridger
_____
John W. Bridger
Texas State Bar No. 02975860
STRONG PIPKIN BISSELL & LEDYARD, L.L.P.
1301 McKinney, Suite 2100
Houston, Texas 77010
713.651.1900 (telephone)
713.651.1920 (facsimile)
jbridger@strongpipkin.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF
UNION OIL COMPANY OF CALIFORNIA**

OF COUNSEL:

Fernando De Leon
Texas State Bar No. 24025325
STRONG PIPKIN BISSELL & LEDYARD, L.L.P.
1301 McKinney, Suite 2100
Houston, Texas 77010
713.651.1900 (telephone)
713.651.1920 (facsimile)
fdeleon@strongpipkin.com

**STATE OF TEXAS**                      §
                                        §
**COUNTY OF HARRIS**                    §

## VERIFICATION

My name is Fernando De Leon.  I am over the age of eighteen (18) years, of sound mind, and capable and competent of making and swearing to this Verification.  I am an attorney with the law firm of STRONG PIPKIN BISSELL & LEDYARD, L.L.P. and "of counsel" for Plaintiff Union Oil Company of California ("Plaintiff") in the above-captioned lawsuit.  I have read Plaintiff's First Original Complaint and the allegations stated therein are true and correct to the best of my knowledge, information, and belief.  The sources of my information and grounds for belief are documents and information gathered by Plaintiff and provided to me as one of its attorneys as well as information gathered through my own investigation.


/s/ Fernando De Leon
_____
Fernando De Leon


SUBSCRIBED AND SWORN TO BEFORE ME on this 5th day of April 2010, to which witness my hand and seal.


_____
Notary Public in and for the State of Texas

My Commission Expires:

_____